Lewis v. Snyder.

---

BYRON H. LEWIS *et al.* v. WILLIAM SNYDER *et al.*
No. 14,301.    (83 Pac. 621.)

1. PRACTICE, DISTRICT COURT—*Contest of a Will—Finding by the Court—Instructions—Irregularities of the Jury.* In a will contest, where the court submitted to the jury the single question whether the testator was of sound mind and memory, and the jury made an affirmative finding, but the court considered the testimony and later found, "without regard to the verdict and answer of the jury," that the testator was of sound mind and memory, it was held that the instructions given to the jury, or any irregularities of the jury, became immaterial.

2. PRACTICE, SUPREME COURT—*Verdict and Evidence.* A finding by the court that a testator was of sound mind and memory held not contrary to the evidence.

Error from Linn district court; WALTER L. SIMONS, judge. Opinion filed November 11, 1905. Affirmed.

*Biddle & Lardner,* for plaintiffs in error.

*J. I. Sheppard,* and *John C. Cannon,* for defendants in error.

*Per Curiam:* In a contest of a will made by James Lewis, in which he gave his property to a nephew and niece instead of to his wife and children, the court called a jury and submitted to it the single question, Was Lewis of sound mind and memory when he executed the will? The jury upon a mass of conflicting testimony made an affirmative finding. The court it-

self considered the testimony, and later found, as the judgment recites, "without regard to the verdict and answer of the jury," that Lewis was of sound mind and memory and legally competent to make a will at the time the will in question was executed. Since the court did not adopt the advisory finding of the jury, but acted independently and for itself determined the facts, the instructions given to the jury, or any irregularities of the jury, became immaterial.

A few objections to rulings on testimony are mentioned, but there is nothing substantial in any of them.

The contention, so earnestly pressed here, that the finding of the court that Lewis was of sound and disposing mind when he executed the will was not supported by the evidence has led to a careful reading of all the testimony in the record. There is considerable testimony, it is true, tending to show that the testator was mentally unbalanced and incompetent, but there is also a great deal of testimony going to establish testamentary capacity. It is manifest that Lewis was irascible and eccentric, but there is an abundance of evidence which upholds the finding of the court that he was competent to make a will; and this appears to have been the opinion of the contesting parties when the will was made, for about that time they negotiated contracts with Lewis dividing the property, and they accepted conveyances which he then made.

The judgment is affirmed.